(Supreme Court, Special Term, Erie County. January, 1908.)

1. HIGHWAYS—TOWN COMMISSIONERS—VACANCIES—APPOINTMENT—VALIDITY.
    Where the concurrence of four members of a town board is essential to an appointment of a highway commissioner, no valid appointment is made by a concurrence of four members, of whom the appointee is one.

2. SAME—FAILURE TO QUALIFY—EFFECT.
    Though a statute provides that, if one elected to be highway commissioner neglects to file his official bond within 10 days of notice of his election, he shall be deemed to refuse to serve, and that the office may be filled as in case of vacancy, where applicant was elected November 5th, filed his oath November 21st, was notified of his election December 7th, his predecessor's term expired December 31st, and he presented his bond for approval January 2d following, he is entitled to the office; no valid attempt to fill the vacancy, if one existed, having been made, and no actual vacancy having been judicially determined to exist.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 304.]

In the matter of applications by Joseph J. Kerr and by Charles C. Brown for peremptory writs of mandamus. Brown's application denied, and Kerr's granted.

Kenefick, Cooke & Mitchell, for applicant Kerr.
John W. Fisher, for applicant Brown.

BROWN, J. Joseph J. Kerr was elected to the office of highway commissioner of the town of West Seneca, Erie county, at the general election November 5, 1907, duly filed his oath of office with the town clerk of that town on November 21, 1907, was duly notified of his election on December 7, 1907, and on January 2, 1908, at 9:50 o'clock a. m., duly presented his official undertaking to Henry C. Lein, the then supervisor of said town, and requested the approval of the same by that officer. The supervisor refused to approve such bond upon the ground that such undertaking had not been presented for approval within 10 days after December 7, 1907, the date of notice of his election, and that because of such failure to present such undertaking for approval within such 10 days the said Kerr had refused to accept said office to which he had been elected, and that

the town board had filled the vacancy in the office thus created by appointing Charles C. Brown to the office of highway commissioner.

It appears that during the years of 1906 and 1907 one Christian Schudt had filled the office of highway commissioner of such town, and that his term of office expired December 31, 1907. On December 31, 1907, it was discovered that said Schudt had failed to file his official undertaking prior to his taking office, and had never filed the same. On December 31, 1907, a majority of the town board declared the office of highway commissioner vacant because of failure of Schudt to file his undertaking, and appointed one Charles C. Brown to fill such vacancy. Under a special statute the highway commissioner is a member of the town board of the town of West Seneca, which consists of seven members. On January 1, 1908, four members of the town board, composed of Lein, supervisor, Ott and McAlane, two justices of the peace, and Charles C. Brown, a commissioner of highways, appointed the said Charles C. Brown to the office of highway commissioner to fill the supposed vacancy caused by the refusal of Joseph J. Kerr to accept the office to which he had been elected, which refusal was solely indicated by his failure to file his official undertaking within 10 days after December 7, 1907.

The appointment of Charles C. Brown to the office of commissioner of highways cannot be upheld. The affirmative action of at least four members of the town board is necessary to make such appointment. Brown constituted one of these necessary four. He thus is virtually appointing himself to office, and that cannot be done. The action of the town board, in so far as it attempted to appoint Brown as highway commissioner on January 1, 1908, was void. No appointment was made. The town board never legally exercised its power to make an appointment, assuming that a vacancy existed, and the application of Charles C. Brown for a peremptory writ of mandamus compelling the town board of West Seneca to recognize him as highway commissioner must be denied.

The statute under which it is claimed there was a vacancy caused by the refusal of Joseph J. Kerr to accept the office to which he had been elected in November, 1907, requires a person elected to the office of highway commissioner to file his oath of office and to deliver to the supervisor for his approval an undertaking or bond within 10 days after notice of his election, and provides:

"A neglect or omission to execute and file within the time required by law any official bond or undertaking shall be deemed a refusal to serve, and the office may be filled as in case of vacancy."

It has been held under such a statute that the failure to file the oath of office does not of itself create a vacancy, but does present a cause of forfeiture through a judicial proceeding brought for that purpose, and that when such oath is actually filed before the term begins and before the office has been declared forfeited by judicial action no vacancy exists and the town board cannot appoint. It being conceded that Joseph J. Kerr filed his oath of office on the 21st of November, 1907, and presented his bond to the supervisor

of West Seneca on January 2, 1908, and no valid action of the town board having been taken to fill a vacancy in the office of highway commissioner, even if one existed, no actual vacancy having been judicially determined to exist, it necessarily follows that there has been no valid attempt to fill the alleged vacancy during the time that the alleged refusal to accept existed. There being no such vacancy existing, as contemplated by the statute, authorizing the town board to make an appointment, Joseph J. Kerr having filed his oath and delivered his bond before any vacancy existed, his title to the office of highway commissioner of the town of West Seneca is complete and valid, and he is entitled to have his undertaking approved and filed in the office of the clerk of that town, and it is the duty of Supervisor Lein so to do forthwith.

A peremptory writ of mandamus will issue.